JOSÉ ORONA MERCED, Petitioner and Appellant, *v.* TOMÁS E. ALCALÁ, WARDEN, ETC., Defendant and Appellee.

No. AP–62–46. Decided March 11, 1963.

*José E. Villares,* counsel designated by the Supreme Court to assist appellant in the exercise of his right to appeal. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

The District Court, Ponce Part, sentenced appellant to serve one-year imprisonment in jail for the offense of aggravated assault and battery and another year in jail for the offense of carrying weapons.

While serving the sentences, he filed a petition for habeas corpus in the Superior Court, Ponce Part, alleging that he had not due assistance of counsel. The writ having been issued and the corresponding hearing held, the court rendered judgment dismissing the petition for habeas corpus.

Petitioner appealed to this Court alleging that the trial court had committed the only error of concluding that defendant had had due assistance of counsel.

Petitioner-appellant had four cases pending before the District Court. He alleged that he had hired the services of attorney Pierluisi to represent him in those cases and that he had paid him his fees. It appears from the record that those cases were continued on four or five occasions. On the last day set the District Court appointed as attorney Pizarro Lago who was joined by Ayala Cádiz with the court's consent. It also appears from the record that the attorney appointed by the court requested time to confer with defendant and that

the court granted all the time necessary. In the meantime the court proceeded to hear other cases.

When the attorneys decided that they were ready for trial, they so informed the court and the hearing was held. The four cases were heard jointly. In two of them he was acquitted and in the other two he was convicted.

At the hearing of the habeas corpus petitioner testified that he had conferred with his attorneys for about five minutes only. However, he also testified that Ayala's defense had been good and that he congratulated him at the close of the trial, although he explained that he did it out of courtesy.

If defendant went to trial without assistance of counsel of his own choosing, the fault was his and not of the court. The hearing of those cases could not be continued indefinitely until defendant could go to trial assisted by his attorney. He had ample opportunity to do so. If defendant's claims were granted, such action would amount to giving him the control and dominion of the judicial calendars. We believe that petitioner was not deprived of his right to be represented by counsel of his own choosing. *Flores* v. *Warden*, 79 P.R.R. 476; *People* v. *González*, 50 P.R.R. 187.

On the other hand, we believe that defendant had a reasonable opportunity to prepare his defense.

We already said that the court granted to defendant the time necessary to confer with the attorneys appointed by the court and that they went to trial when they decided that they were ready. The record shows that defendant was satisfied with the defense made by both attorneys. The trial lasted almost the whole afternoon and we already know that defendant was acquitted in two of the cases. It has not been shown that defendant was deprived of his right to assistance of counsel. See *Hernández* v. *Delgado*, *Warden*, 82 P.R.R. 474, and *Serrano* v. *Warden*, 80 P.R.R. 215.

The judgment appealed from will be affirmed.